IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31244
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-57-ALL-B
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*

Byron Thomas appeals his sentence for his guilty-plea conviction for conspiracy to possess with intent to distribute more than 100 grams of heroin.  He argues that the district court erred in enhancing Thomas's offense level by two for possession of a dangerous weapon during his drug offense.  See U.S.S.G. § 2D1.1(b)(1).

According to the presentence report, the factual findings of which were not objected to by Thomas, a gun was found at Thomas's

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

residence, Thomas was supposed to have a large amount of heroin at his residence on a certain date, on that date a package containing the heroin addressed to a location a block away from Thomas's residence was intercepted, and the contact number left at the post office for the undelivered package was Thomas's home telephone number.  The district court concluded that there was ample evidence forming a spatial and temporal link among Thomas, the gun found at his residence, and the drug activity.  The district court did not err, much less clearly err, in finding that Thomas possessed a dangerous weapon during his drug offense. See U.S.S.G. § 2D1.1(b)(1); United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

AFFIRMED.